835 F.2d 871
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Melvin A. ALLDER, et al., Petitioners,
v.
DEPARTMENT OF TRANSPORTATION, Federal Aviation
Administration, Respondent.
 No. 85-1581.
 United States Court of Appeals, Federal Circuit.
 Nov. 23, 1987.
 
 Before RICH and DAVIS, Circuit Judges, and COWEN, Senior Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 In this appeal, eighteen[1] former air controllers, challenge the decision of the Merit Systems Protection Board (MSPB or Board), which sustained the decision of the Federal Aviation Administration (FAA), Department of Transportation (DOT), to remove petitioners from their positions for their participation in the August, 1981 strike. We affirm the presiding official's decision of January 19, 1983, MSPB Docket No. DC075281F0886. Petitioners did not appeal to the full board.
 
 OPINION
 1.
 
 2
 The principal issue in this appeal is whether under the decision of the Supreme Court in Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985), the constitutional and statutory rights of the petitioners were violated, because the employing agency terminated them without first granting their requests for "an opportunity to present their side of the story." The same issue was squarely presented to the Supreme Court in the appellants' petition for certiorari in Darnell (Rose) v. Dep't of Transp., F.F.A., 807 F.2d 943 (Fed.Cir.1986). Proceedings in this case were suspended pending action by the Supreme Court. On October 5, 1987, the Supreme Court denied the petition. Accordingly, the decision of the Board is affirmed on the principal issue involved in this appeal.
 
 2.
 
 3
 Petitioners Alan R. Olson and Cecil J. Trollinger contend that the decision sustaining their removal should be reversed, because the agency failed to prove that the strike continued at their facility on the dates they were charged with striking. Mr. Trollinger was charged with being on strike and AWOL on August 10, 1981, and Mr. Olson was charged with being on strike and AWOL on August 19, 1981. There is a sharp dispute between the parties as to whether the petitioners raised this issue sufficiently before the MSPB to justify consideration by the court. However, we assume that the issue was raised and nevertheless conclude that the decision of the MSPB should be affirmed.
 
 
 4
 The presiding official found that picketing and other strike activity continued for several weeks or even months after August 6, 1981. This finding is supported by our decision in Adams v. Dep't of Transp., F.A.A., 735 F.2d 488, 493 (Fed.Cir.1984), wherein the court held that the strike began on August 3, 1981, and continued until some event ended it. See also Patco v. F.L.R.A., 685 F.2d 547 (D.C.Cir.1982), which held that the strike lasted until November, 1981.
 
 
 5
 The presiding official also found that the petitioners were absent without authorization on one or more days during the strike and that each failed to report for his deadline shift. The presiding official then concluded that this evidence was sufficient to establish a prima facie case of participation in the strike and that in view of this finding, the burden of persuasion shifted to the petitioners to show that they had no knowledge of the existence of the strike, or to demonstrate that their absence were due to some factor other than intentional participation in the strike. The presiding official's factual finding is supported by substantial evidence, and his conclusion is correct as a matter of law. It is in accord with our decision in Schapansky v. Dep't of Transp., F.A.A., 735 F.2d 477, 482 (Fed.Cir.1984). Mr. Olson offered no excuse for his absence from the job. Mr. Trollinger claimed that he was on scheduled annual leave on August 7, 8, and 9. However, this explanation was irrelevant, because he was charged with striking on August 10, 1981.
 
 3.
 
 6
 In a supplemental brief filed by the petitioners, they rely on our decision in Mercer v. Dep't of Health & Human Servs., 772 F.2d 856 (Fed.Cir.1985), and contend that the employing agency committed harmful procedural error by denying them pre-decision hearings, which were required by statute and agency regulations. Even if we accept as true their allegation that there was a failure of the agency to comply with statutory and agency regulations, we hold that the petitioners have not met the requirements of the Mercer case. They have failed to prove that the results in their cases could have been different if the alleged procedural errors had not occurred. As the Supreme Court stated in Cornelius v. Nutt, 105 S.Ct. 2882, 2890 (1985), an employee who appeals an agency's disciplinary decision on such grounds, must prove that the alleged procedural errors substantially prejudiced his rights by possibly affecting the agency's decision.
 
 4.
 
 7
 In summary, we find that the agency action, as affirmed by the MSPB, was supported by substantial evidence; was not an abuse of discretion, and was not obtained in violation of procedures required by law or regulation.
 
 
 
 [1]
 Melvin A. Allder, Richard S. Cox, Maurice B. Dipoli, Peter C. Dwyer, James S. Kippen, Michael V. Krause, John T. Landon, David A. Monaghan, Roger N. Mason, Paul F. Naas, Alan R. Olson, Theresa Ann Reigruber, Barry T. Smith, Stephen J. Spicer, John F. Thornton, Cecil J. Trollinger, William B. Webb and Theodore S. Zahorbinski